STATE of Iowa, Plaintiff-Appellee,

v.

Robert Wayne HAWTHORNE, Defendant-Appellant.

No. 83–1133.

Court of Appeals of Iowa.

June 26, 1984.

Charles Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and John P. Messina, Asst. Atty. Gen., for plaintiff-appellee.

Considered by SNELL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals from his conviction for robbery in the first degree, theft in the second degree, and carrying weapons in violation of Iowa Code sections 711.1, 711.-2, 714.1(1), 714.2(2), and 724.4 (1983). Defendant claims that the police lacked reasonable grounds for the investigatory stop of his vehicle and that evidence obtained as a result of the stop should have been suppressed. We affirm.

At approximately 4:00 a.m. on Sunday, April 24, 1983, an armed robbery occurred at a Pizza Hut located on Highway 30 in Marshalltown, Iowa. A police officer sent to the scene followed the robber's tracks to a set of tire tracks on the highway shoulder east of the restaurant. At about the same time as the robbery an off-duty police officer driving home on Highway 30 noticed a brown or gold Lincoln automobile parked on the north shoulder of the road pointed in a westerly direction approximately four blocks east of the Pizza Hut in the vicinity of the Rose Hill Cemetery. The officer reported this information after hearing a radio report of the robbery which stated that officers were near the Rose Hill Cemetery area looking for a getaway vehicle. At 4:17 a third police officer spotted a bronze Lincoln Continental heading west on Highway 30. After following the car for a short time he stopped it and took the occupants, including defendant, into custody. A subsequent search of the car pursuant to a search warrant revealed among other things a Pizza Hut money bag and a loaded gun. These items were introduced into evidence at defendant's trial.

We review criminal cases de novo when constitutional rights are at issue. *State v. Dickerson*, 313 N.W.2d 526, 530 (Iowa 1981). The principles applicable to investigatory stops of vehicles are set forth in the following passage:

It is well settled that the fourth amendment requires reasonable cause to stop a vehicle for investigatory purposes. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *State v. Cooley*, 229 N.W.2d 755, 759 (Iowa 1975). When a stop is challenged on the basis that reasonable cause did not exist, the State must show that the stopping officer had "specific and articulable cause to support a *reasonable belief* that criminal activity *may* have occurred." *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980) (emphasis added). Circumstances giving rise to suspicion or curiosity will not suffice. *State v. Dixon*, 241 N.W.2d 21, 23 (Iowa 1976). The officer is bound by the true reason or reasons for making the stop; that is, the officer may not rely on reasons that he or she could have had but did not actually have.

*Aschenbrenner*, 289 N.W.2d at 619. If the State fails to meet its burden, the evidence obtained as a result of the stop must be suppressed. *State v. Reese*, 259 N.W.2d 793, 796 (Iowa 1977).

*State v. Lamp*, 322 N.W.2d 48, 51 (Iowa 1982). Applying these principles to the facts of that case the court in *Lamp* stated:

> In this case Officer Bowersox clearly had reasonable cause to stop defendant: (1) he was investigating a specific crime; (2) he had been given a description of the assailant and the vehicle he was driving; and (3) the perpetration of the crime was reasonably close in time (approximately four and one-half hours) and distance (approximately five miles) to the investigatory stop under the circumstances.

*Id.*

In the present case the same factors support the reasonableness of the stop: (1) the police officer was investigating a specific crime; (2) he had been given a description of the suspect and of a vehicle close to the scene of the crime which was thought to be the getaway car; and (3) the vehicle was stopped about twenty minutes after the robbery on the same highway as the location of the crime. Furthermore, the car was known to have been located in the same direction from the restaurant as the robber had fled on foot.

We conclude that there was reasonable cause to stop defendant's vehicle and consequently the trial court did not err in overruling defendant's motion to suppress evidence obtained as a result of the stop.

AFFIRMED.